UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KEVIN WILLIAM CASSADAY,

        Plaintiff,

        Case No. 1:23-cv-550

v.

        Honorable Robert J. Jonker

KELLI A. BROZANSKI et al.,

        Defendants.
_____/

### OPINION DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES AND DENYING REQUESTS FOR SERVICE AND COUNSEL

This is a civil rights action brought by a federal pretrial detainee. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002). Further, the Court will deny Plaintiff's requests for service and the appointment of counsel.

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Cassaday v. Newago County Jail*, No. 1:22-cv-683 (W.D. Mich. Aug. 29, 2022); *Cassaday v. Trump*, No. 1:22-cv-682 (W.D. Mich. Aug. 3, 2022); *Cassaday v. Pure Options*, No. 1:22-cv-532 (W.D. Mich. July 11, 2022); *Cassaday v. Food & Drug Admin.*, No. 1:22-cv-558 (W.D. Mich. July 11, 2022). All of Plaintiff's dismissals were entered after enactment of the PLRA on April 26, 1996. Plaintiff also has been denied leave to proceed *in forma pauperis* on the basis of the three-strikes rule in several recent cases. *See Cassaday v. Unknown Party #1*, No. 1:22-cv-849 (W.D. Mich. Nov. 2, 2022); *Cassaday v. Shirkey*, No. 1:22-cv-771 (W.D. Mich. Oct. 14, 2022); *Cassaday v. United States*, No. 1:22-cv-783 (W.D. Mich. Oct. 14, 2022); *Cassaday v. Luebs*, No. 1:22-cv-763 (W.D. Mich. Oct. 5, 2022); *Cassaday v. Wriggelsworth*, No. 1:22-cv-770 (W.D. Mich. Oct. 5, 2022).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). Plaintiff's complaint details the breakdown of his marriage and sets forth alleged wrongs that occurred during his divorce proceedings. (*See generally* Compl., ECF No. 1.) Plaintiff does not allege facts showing that he is in imminent danger of serious physical injury.

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00. When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing

fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Plaintiff has also requested the appointment of counsel. (ECF No. 2, PageID.8.) Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and has determined that the assistance of counsel is not necessary to the proper presentation of Plaintiff's position at this time. Plaintiff's request for the appointment of counsel (ECF No. 2, PageID.8) therefore will be denied.

Additionally, Plaintiff requests that the United States Marshals Service serve the complaint on Defendants. (*See id.*) However, Plaintiff's request is premature. As detailed in this opinion, before this case can proceed further, Plaintiff must pay the full filing fees because he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). If Plaintiff pays the requisite fees, the Court will then screen Plaintiff's complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). Service of the complaint is only proper after both of these steps have been completed.

Therefore, Plaintiff's request to serve the complaint (ECF No. 2, PageID.8) will be denied as premature.

Dated:     June 07, 2023             /s/ Robert J. Jonker
                                    Robert J. Jonker
                                    United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**